UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 10-50991 |
| Elizabeth Annette Cameron | : | Chapter 13 |
| Debtor. | : | Judge John E. Hoffman, Jr. |

**TRUSTEE'S RESPONSE IN OPPOSITION TO APPLICATION FOR MOTION FOR ORDER AUTHORIZING LOAN MODIFICATION (Doc. 56)**

Now comes Frank M. Pees, Chapter 13 Trustee herein ("Trustee"), and hereby responds in opposition to the Application for Motion for Order Authorizing Loan Modification (Doc. 56) (the "Application") filed by American Home Mortgage Servicing, Inc. ("Creditor"). In support of his response, the Trustee states as follows:

Debtor Elizabeth Annette Cameron's ("Debtor") petition was filed on February 1, 2010 and the Plan was confirmed on August 17, 2010. The confirmed plan was subsequently modified on December 6, 2010 following a previous loan modification on this same loan. There is currently an arrearage of $3,481.45 toward the Debtor's Chapter 13 Plan.

The Application requests the approval of a loan modification that will lower the mortgage payment, apparently to $452.79 for the next five years. Based on the previous loan modification, the current monthly payments to this loan are $927.28. Despite an increase of $474.49 in disposable income, as well as the arrearage of $3,481.45 to the Chapter 13 Plan, there is no indication that the Debtor will file a Motion to Modify Plan so as to bring the arrears current and potentially increase the dividend to unsecured creditors.

Further, the Trustee objects as the Application is vague. The Application fails to attach a complete copy of the loan modification that is to be entered by the parties. As a result, there is no way for the Trustee or the Court to fully review the Application. For example, based solely

on what has been filed, it is impossible to determine whether there are any post-petition arrearages to the subject account. If such arrearages are present, the pleadings as filed, will not allow a determination as to how those arrearages are to be treated in the plan.

WHEREFORE, the Trustee requests that the Creditor's Application for Motion for Order Authorizing Loan Modification be denied. The Trustee further requests that, in the event that the Creditor's Application is granted, that Debtor be required to modify her confirmed plan so as to bring the plan arrearage current and increase the dividend to unsecured creditors.

Respectfully submitted,

/s/ Frank M. Pees by DTP
Frank M. Pees
Chapter 13 Trustee
130 East Wilson Bridge Road, Suite #200
Worthington, Ohio 43085-6300
(614) 436-6700

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2011 a copy of the Trustee's Response in Opposition to the Application for Motion for Order Authorizing Loan Modification (Doc. 56) was served on the following registered ECF participants, **electronically**, through the Court's ECF System at the email address registered with court: or by ordinary U.S. Mail at the address indicated.

Asst. U.S. Trustee
Karen E. Hamilton, Attorney for Debtor
Manbir S. Sandhu, Attorney for Creditor
Frank M. Pees, Standing Chapter 13 Trustee

And on the following by **ordinary U.S. Mail** addressed to:

Elizabeth Annette Cameron
5005 Majestic Drive
Columbus, Ohio 43232

/s/ Frank M. Pees by DTP
Frank M. Pees
Chapter 13 Trustee